FILED
2022 Aug-18  PM 02:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE BEAN-CARAWAN, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| v. | } | **Case No.:  7:21-CV-222-RDP** |
| | } | |
| **TIM WILLIAMS WOOD PRODUCTS** | } | |
| **LP, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on a Motion for Partial Summary Judgment filed by Defendants Jimmy Glenn Morgan and Tim Williams Wood Products, LP ("TWWP"). (Doc. # 29). The Motion has been fully briefed (Docs. # 29-1, 37, 38) and is ripe for review. For reasons discussed below, Defendants' Motion for Partial Summary Judgment (Doc. # 29) is due to be denied.

### I.      Background[1]

This case stems from a multi-vehicle accident. On July 14, 2019, Plaintiffs Stephanie and Abigail Carawan (a mother-daughter pair) had been traveling on Interstate 59 in a 2016 Mini Cooper. (Doc. # 36-3 at 3). Plaintiffs encountered a traffic jam in Greene County, Alabama stemming from an unrelated auto accident and were forced to come to complete stop. (Docs. # 36-3 at 4; # 1 at 3). Abigail Carawan has estimated that their vehicle had been stopped for about a minute. (Doc. # 36-3 at 4).

---

[1] The facts set out in this opinion are gleaned from the parties' submissions and the court's own examination of the evidentiary record.  All reasonable doubts about the facts have been resolved in favor of the non-moving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts that could be established through live testimony at trial.  *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

That same day, Defendant Jimmy Glenn Morgan ("Morgan") had been operating a tractor-trailer on behalf of his employer, TWWP. (Doc. # 1 at 3). Morgan has continuously held a commercial driving license since the mid-1970's. (Doc. # 29-3 at 5). Morgan testified that he had been traveling down I-59, which was wet following a day of "on again, off again" rain (Doc. # 36-1 at 22), with cruise control set around 68 to 70 miles per hour. [2] (Doc. # 29-3 at 10). According to the responding law enforcement officer, however, Morgan stated that he had been traveling at 75 miles per hour at the time of the collision – 5 miles over the posted speed limit. (Doc. # 36-2; 36-1 at 121). Morgan took 5 to 10 seconds to look out of both windows on either side. (Docs. # 29-3 at 69; # 36-1 at 22). Of course, seconds can make all the difference on the interstate. Morgan testified that because he took his eyes off of the road he did not notice that traffic in front of his vehicle had stopped until his vehicle was approximately 30 to 40 feet from Plaintiffs' stopped vehicle. (Doc. # 29-3 at 10). Morgan further testified that braking a loaded tractor-trailer at this distance does "essentially nothing." (Doc. # 36-1 at 9).

Morgan's vehicle collided into Plaintiffs' vehicle and 6 others. (Docs. # 29-3 at 61-62, 91; # 36-1 at 121). Plaintiffs' car rolled multiple times until it came to rest upside down in a ditch. (Doc. # 36-3 at 11). Abigail Carawan suffered numerous bruises and abrasions as well as a fractured vertebra. (Doc. # 37 at 2). Stephanie Carawan also suffered bruises, "multiple fractures of her pelvis, and a severe, permanent, and progressive brain injury." (*Id.*). Morgan remained in his vehicle and called his wife and his employer, TWWP. (Doc. # 36-1 at 16). He later spoke with a law enforcement officer who responded to the scene. (*Id.* at 22). The officer has reported that

---

[2] Morgan has testified that it is not proper to set the vehicle to cruise control "if it's really wet and really raining a lot." (Doc. # 36-1 at 22). Plaintiffs argue that this statement, coupled with statements that the road had been wet, evinces an admission that Morgan had improperly set the vehicle to cruise control on the day of the accident. (Doc. # 37 at 8). It is unclear whether Morgan disputes this, but for the purposes of summary judgment, the court assumes that he does.

Morgan made a statement about a logbook "wanting" him to drive while Morgan was tired (Docs. # 36-2; #36-1 at 121), although Morgan testified that this statement does not mean that he was, in fact, tired while driving the day of the accident (Doc. # 26-1 at 20-21). Morgan explained that he was "just end of the day tired." (Doc. # 26-1 at 18). Morgan has since testified that the accident "was [his] fault." (Doc. # 36-1 at 7).

On February 12, 2021, Plaintiffs filed the present action against Defendants. (Doc. # 1). Defendants have moved for partial summary judgment. (Doc. # 29).

## II.     Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party has met its burden, Rule 56 requires the non-moving party to go beyond the pleadings and -- by pointing to affidavits, or depositions, answers to interrogatories, and/or admissions on file -- designate specific facts showing that there is a genuine issue for trial. *Id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c) a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-

52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear ... that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

The Eleventh Circuit has interpreted *Celotex* to require that, as to issues on which the nonmovant would bear the burden of proof at trial, a

> moving party is not required to support its motion with affidavits or other similar material negating the opponent's claim in order to discharge this initial responsibility. Instead, the moving party simply may show [ ]—that is, point[ ] out to the district court—that there is an absence of evidence to support the non-moving party's case. Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the non-moving party will be unable to prove its case at trial.

*Fitzpatrick*, 2 F.3d at 1115 (quoting *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)). And, where the moving party has met this initial burden by showing that there is an absence of evidence supporting the nonmoving party's case, the nonmoving party must

> respond in one of two ways. First, he or she may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was "overlooked or ignored" by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence. Second, he or she may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.

*Id.* (internal citations omitted).

## III.    Analysis

Plaintiffs initially asserted the following four claims against Defendants: (1) negligence/wantonness against Morgan and TWWP; (2) negligent/wanton entrustment against TWWP; (3) negligent/wanton hiring, supervision, training, and/or retention against TWWP; and (4) loss of consortium. (Doc. # 29-1 at 3). Plaintiffs have conceded that summary judgment is proper with respect to the claims of wantonness against TWWP (but not against Morgan) and with respect to their entrustment, hiring, training, and supervision claims. (Doc. # 37 at 1-2). In addition,

Defendants have conceded liability with respect to the negligence claims asserted against them. (Docs. # 42 at 1; # 45 at 2 n.1). Defendants have not moved for summary judgment on the loss of consortium claim. Thus, the court is only called upon to address whether Morgan is entitled to summary judgment on Plaintiff's wantonness claim against him.

Morgan argues that Plaintiffs fail to establish facts sufficient to show any degree of conscious culpability required for findings of wantonness. (Doc. # 29-1 at 12-13). Under Alabama law, wantonness is "the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing *Bozeman v. Central Bank of the South*, 646 So. 2d 601 (Ala. 1994)). *See also* Ala. Code § 6-11-20(b)(3) (1975) (defining wantonness as "[c]onduct which is carried on with a reckless or conscious disregard for the rights or safety of others."). Alabama courts have repeatedly recognized that wantonness and negligence are qualitatively differently tort concepts[,]" and "wantonness is not merely a higher degree of culpability than negligence." *Essary*, 992 So. 2d at 9 (quoting *Tolbert v. Tolbert*, 903 So. 2d 103, 114-15 (Ala. 2004)); *Mandella v. Pennington*, 73 So. 3d 1257, 1264 (Ala. Civ. App. 2011) (citations omitted). Proving a driver's wantonness, "requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability." *Ex parte Anderson*, 682 So. 2d 467, 469 (Ala. 1996) (citing *George v. Champion Ins. Co.*, 591 So. 2d 582 (Ala. 1991)).

"The most crucial element of wantonness is knowledge, and while that element need not be shown by direct evidence it may be made to appear by showing circumstances from which the fact of knowledge is a legitimate inference . . . it may not be left to the conjecture or speculation of the jury." *Roberts v. Brown*, 384 So. 2d 1047, 1048 (Ala. 1980) (citations omitted). *See also*

*Klaber by & through Klaber v. Elliott*, 533 So. 2d 576, 579 (Ala. 1988) ("Knowledge need not be proven directly but may be inferred from the facts of the case."). Additionally, "[t]o constitute wantonness, it is not necessary that the actor know that a person is within the zone made dangerous by his conduct; it is enough that he knows that a strong possibility exists that others may rightfully come within that zone." *Frederick v. Wallis*, 3 So. 3d 904, 907 (Ala. 2008) (quoting *Essary*, 992 So. 2d at 9).

With respect to wantonness claims arising from a vehicle accident and asserted against a driver, the Alabama Supreme Court has recognized a rebuttable presumption against a finding of wantonness when the defendant's actions put both a defendant and a plaintiff at the same risk of injury. *See Essary*, 992 So. 2d at 12 ("Absent some evidence of impaired judgment . . . we do not expect an individual to engage in self-destructive behavior.") (citations omitted); *Roberts*, 384 So. 2d at 1050 ("There is a rebuttable presumption recognized by the law that every person in possession of his normal faculties in a situation known to be dangerous to himself, will give heed to instincts of safety and self-preservation to exercise ordinary care for his own personal protection."). In other words, Alabama courts recognize a presumption that a driver will not consciously do something that will likely result in injury to himself. *Griffin*, 2014 WL 896627, at * 3 (recognizing the "*Essary* presumption" and noting that "courts . . . will presume against wantonness when the risk of injury to the actor is as real as the risk of injury to others.").

Morgan argues his actions do not rise to the level of wantonness but, rather, reveal a brief failure to pay attention to the road. (Doc. # 29-1 at 12). Morgan's decision to check his side mirrors for a few "seconds," as he contends, constitutes a simple error in judgment but not a wanton act. To be sure, a brief failure to watch the road alone does not amount to wantonness, but this failure, coupled with other circumstances, may amount to wantonness. *Hicks v. Dunn*, 819 So. 2d 22, 24

(Ala. 2001) (noting that speed, "coupled with other circumstances, may amount to wantonness."). The Alabama Supreme Court has considered a variety of "other circumstances," including a defendant's speed, knowledge of the weather conditions, and awareness of his/her level of tiredness. *See, e.g., Hicks*, 819 So. 2d at 25 (reversing a grant of summary judgment on a wantonness claim where a jury could have found from the record evidence that a defendant "was driving much faster than the posted speed limit and that he was not paying attention to the road . . ."); *Lankford v. Mong*, 283 Ala. 24, 28, 214 So. 2d 301, 304 (1968) (considering awareness of sleepiness, tiredness, and fatigue); *Sellers v. Sexton*, 576 So. 2d 172, 175 (Ala. 1991) (knowledge of weather conditions).

Here, there are material disputes of fact as to whether Morgan was speeding when he collided with Plaintiffs, whether Morgan was too tired to safely operate the vehicle, and whether Morgan improperly had turned on cruise control while driving on a wet interstate. A jury, rather than the court, is the proper trier of fact to resolve these disputes and make credibility determinations. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . .").

What is undisputed is that Morgan has testified that the accident was his fault. (Doc. # 36-1 at 7). Morgan, while operating a tractor-trailer on an interstate, put others in harm's way when he diverted his attention from the road for 5 to 10 seconds, which ultimately resulted into a 7-vehicle collision. (Doc. # 36-1 at 22). The degree to which Morgan knew his actions put others in harm's way is a question for a jury to resolve. Construing the Rule 56 evidence in the light most favorable to Plaintiffs, the evidence is sufficient to conclude that a reasonable jury could conclude that Morgan actions rise to the level of wantonness.

**IV.      Conclusion**

For the reasons stated above, Defendants' Motion for Partial Summary Judgment (Doc. #

29) is due to be denied.

A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this August 18, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE